TERRITORY OF HAWAII *v.* BALBINO RITUTA.

NO. 2875.

ARGUED APRIL 24, 1952.         DECIDED JUNE 13, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY LE BARON, J.

The defendant on May 17, 1951 was indicted for murder in the first degree. The indictment charged him with committing that crime on August 1, 1950. At the time set for arraignment on June 1, 1951, the defendant appeared

before the circuit court and handed it a special plea in bar which he had filed a few minutes before the court convened. The ground of the special plea in bar is that the "indictment was not presented, returned, or filed as soon after the commitment of the offense of which he is accused as was expedient." In support of that ground, an affidavit is attached to the plea as a part of it. That affidavit avers in substance that the defendant on August 31, 1950 was indicted for murder in the second degree, to which he duly entered his plea of not guilty and upon which he is now awaiting trial; that "the murder alleged to have been committed by defendant in the indictment returned on the 31st day of August, 1950, is the same murder alleged to have been committed by defendant in the indictment returned in the above entitled matter, and in both indictments is alleged to have been committed in the same manner, and that the language of both indictments is identical except for slight changes necessary for the purpose of setting forth the charge of murder in the second degree in the first indictment and the charge of murder in the first degree in the indictment returned in the above entitled matter"; that "the indictments in both instances were found and returned on the testimony of the same witnesses." On being handed such plea in bar with affidavit attached, the circuit court continued indefinitely arraignment and prosecution of the defendant upon the indictment and set the plea for hearing on June 8, 1951. At the hearing the facts as pleaded and averred were established, the Territory admitted that it would have been just as expedient on August 31, 1950 for the grand jury to have indicted the defendant for murder in the first degree as to have indicted him for murder in the second. Upon those facts and upon that admission the circuit court, at the close of the hearing, made an oral order sustaining the plea in bar and dismissing the indictment. By virtue of that order it discharged the defendant

from custody, he having been held without bail under that indictment but previously released on bail under the other. From such order the Territory sued out the instant writ of error, the defendant not having been put in jeopardy within the meaning of section 9552 of the Revised Laws of Hawaii 1945 authorizing such a writ.

On error, the sole question meriting consideration is one of law involving the interpretation and application of a statutory provision which admittedly is the basis for the order, as well as for the special plea in bar. It is whether that provision constitutes a valid ground on which to sustain the plea and dismiss the indictment. The provision to be interpreted and applied reads: "In all cases of offenses against the laws of the Territory, brought in the first instance in a court of record, the accused shall be arraigned and prosecuted upon an information or indictment, as soon after the commitment of the offense of which he is accused as may be expedient." (R. L. H. 1945, c. 233, § 10791.)

The plain and unambiguous language of that provision requires no judicial construction to determine that it does not deal with the filing of an information or with the return of an indictment. On the contrary, it relates solely to the criminal proceedings of arraignment and prosecution in all cases of offenses brought in the first instance in a circuit court. The provision makes it mandatory that those proceedings be "upon an information or indictment," but purely directory or permissive with respect to when such proceedings are to be brought by requiring them to be brought "as soon after the commitment of the offense * * * as may be expedient." The question of interpretation and application before this court involves only that directory or permissive aspect of the provision, the very nature of which requires it to be liberally interpreted. So interpreted, it means nothing more than that an accused, when an information or indictment is filed or entered against

him in a circuit court, must be arraigned and prosecuted thereon with as much dispatch as may be advisable or as speedily as may be practicable. When applied to the public official on whom is imposed the duty of bringing those proceedings in a particular case, it operates to give to that official considerable latitude in which to exercise that duty. When applied to the accused, it does not injuriously affect or impair any substantial rights of his. On the contrary, it operates to preserve them consistently with the constitutional guarantee of the Sixth Amendment that "the accused shall enjoy the right to a speedy and public trial." In any event, it operates prospectively from the time an information or indictment against the accused is filed or entered, and becomes effective only at that time. The provision, however, states nothing regarding the consequences or effect of not bringing an arraignment and prosecution "as soon * * * as may be expedient." Nor does it accompany the limitation of time for the bringing of those proceedings with a penalty for failure to conform or with a positive prohibition against such a failure. Moreover, such limitation of time does not relate to the essence of an arraignment and prosecution or indicate that a timely observance of it is necessary to the validity of such proceedings. Nor does it purport to invalidate an arraignment and prosecution which may have been brought inexpediently. There is thus manifested the legislative intent to regulate the timely and orderly performance of official duty with respect to arraignments and prosecutions of persons accused by informations or indictments, as well as the legislative purpose to expedite trials which, in the nature of things, can only be brought and held upon such informations or indictments after being filed or entered.

The provision, so interpreted, has no application to any proceedings before a grand jury or to any other proceedings antedating the filing of an information or the entry of an

indictment. It applies exclusively to the proceedings of arraignment and prosecution of an accused who has been named as a defendant in an information or indictment upon which he is to be arraigned and prosecuted. Specifically, it has no application to the plea, which not only intervened between indictment and arraignment but pertained to facts existing prior to the entry of the indictment, when the defendant had not become "the accused" upon that particular indictment within the provision's meaning.

Clearly, the provision constitutes no valid ground for sustaining the special plea in bar or for dismissing the indictment in this case. Indeed, the sustaining order of dismissal contravened the very provision on which it rested by thwarting the Territory's attempt to perform its duty to arraign and prosecute the defendant upon the indictment consistently with such provision. Consequently, the order is erroneous and falls of its own weight, there being no valid ground to support it. Nothing more need be said other than that the defendant will not be heard to complain that he could have been more expediently indicted for murder in the first degree at an earlier date and sooner held without bail than in fact he was.

Order set aside and the cause remanded below for further proceedings consistent with this opinion.

*G. F. St. Sure,* Assistant Public Prosecutor (*A. R. Hawkins,* Public Prosecutor, with him on the briefs), for plaintiff in error.

*O. P. Soares* (also on the brief) for defendant in error.